20900

Polly W. JEFFERIES, Respondent, v. James D. JEFFERIES, Appellant.

(252 S. E. (2d) 885)

*Robert M. Erwin, Jr.* and *Joseph M. Pracht,* Greenwood, *for appellant.*

*Thomas E. McCutchen* and *Herbert W. Hamilton,* Columbia, *for respondent.*

February 27, 1979.

LEWIS, Chief Justice:

The parties to this action were divorced in September 1974 and the final decree incorpoated a separation agreement entered into between them. This action was subsequently brought by the wife (respondent) to enforce portions of the separation agreement. From an order of the lower court favorable to the wife's position in the matter, the husband has appealed.

Under the terms of the prior divorce decree and separation agreement, appellant conveyed to respondent two parcels of land, subject to existing liens and mortgages thereon. Appellant also agreed that, in the event respondent sold the two parcels of land, he would guarantee that she would realize $26,000.00 above the existing liens on the property. Appellant further agreed that, if the sale of the "said parcels" did not net $26,000.00, he would give to respondent a note payable one year from the date of the sale for the difference, to bear interest at the rate of $8\frac{1}{2}\%$ per annum.

One of the parcels of land was sold in August 1974 for the sum of $19,715.59. The second lot was sold in September 1976 but, due to the existing liens, nothing was realized from this sale. Since the sale of the two parcels did not net $26,000.00, appellant owed to respondent the difference between that figure and $19,715.59, realized from the sales, or the sum of $6,284.41 plus interest at the rate of $8\frac{1}{2}$ percent.

One of the issues before us concerns the date from which interest should be paid by appellant on the deficiency from the foregoing sales. The trial judge awarded interest from August 1974, the date of the first sale, apparently on the basis that nothing was realized from the second sale, therefore, the deficiency was established when the first lot was sold. We disagree. While nothing was realized from the second sale in September 1976, the agreement was that appellant would pay any deficiency resulting from the sale of *both* lots. Respondent controlled when these sales would be made and the liability of appellant could not be determined until all of the land was sold. This became fixed at the time of the last sale in September 1976. Therefore, appellant's liability for interest began at that time. So much of the order under appeal as allows interest from August 1974 is reversed; and is remanded for recalculation of interest from September 1976 with entry of judgment accordingly.

The remaining issues in the appeal were properly decided by the lower court. Since they present no errors of law and

a full discussion of them would be of no precedential value, the rulings of the trial judge thereon are affirmed under Rule 23 of the Rules of this Court.

And it is so ordered.

LITTLEJOHN and GREGORY, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.

RHODES, J., not participating.